CALVIN COPELAND *versus* CALVIN COPELAND, JR. AND JAMES C. BUSWELL.

Where a warranty deed is given of land which is subject to a lien claim, and the grantee agrees in writing, as a part of the consideration for the sale, that he will extinguish the lien, he cannot maintain an action upon the covenants in the deed, to be indemnified for the loss he may sustain by reason of such lien.

If there be a breach of the covenants in a warranty deed made, by the defendant to the plaintiff, by reason of an outstanding incumbrance, and if the plaintiff have neither removed the incumbrance, nor been evicted, he can, in an action upon the covenants for such breach, recover the nominal damages only.

COVENANT broken, upon the covenants in a conveyance by a warranty deed to the plaintiff of a lot of land containing some valuable factory buildings just erected by the defendants.

The breach was alleged to consist in several levies upon the land, by persons who, subsequently to the said conveyance, attached the same in suits against the grantors, for the recovery of lien claims, for labor and materials in the erection of the factory buildings.  There was an offer to be defaulted for one dollar.

The facts were as follows : —

The defendants were copartners.  They were indebted to the plaintiff in large sums, both as individuals and as a copartnership, and were much indebted for the erection of the factory buildings.  The plaintiff had sued them for his debts

aforesaid, and attached the property. Lydia White had some claims on the land.

It was then agreed in writing, between the parties, that the defendants and L. White should convey the property to the plaintiff, for which he should pay a sum to be fixed by an appraisal, viz : —

" The said C. Copeland on his part agrees to pay the said Copeland & Buswell, as follows, viz : — Cancel all notes and accounts due himself and the late firm of C. Copeland & Co. against Copeland & Buswell, Calvin Copeland, Jr. and James C. Buswell; also a warranty deed of the Stillman Moulton farm in Parkman, at seven hundred dollars; *also pay all debts of the firm of Copeland & Buswell, for which said property is holden;* also pay all other debts of the said firm of Copeland and Buswell, as far as said property will go according to the appraisal; the debts contracted for the buildings and water power to have the preference. The remainder of said property, if any, after paying all the debts as above, is to be paid for, one half in stock and one half in grain, one half of each the present winter, and the other half next winter, at cash price, to be paid to the said C. Copeland, Jr. and James C. Buswell, according as each have invested. It is mutually agreed, that if either of the above fails to fulfil the conditions of the above agreement, they or he shall forfeit and pay to the other the sum of two thousand dollars."

The plaintiff offered to prove that, at the time of the appraisal, he expressly informed Copeland & Buswell that he would not have any thing to do with their debts, and that it was agreed that, if any balance should be due to plaintiff on account of the Moulton farm, said balance should be secured to him by mortgage.

The appraisal amounted to $6211,77, and the property was thereupon conveyed to the plaintiff by the warranty deed of the same date with the abovementioned written contract between the parties. And it is upon that deed, the present suit is brought.

---

Copeland *v.* Copeland.

---

The plaintiff settled for the property as follows: —

| | |
|---|---:|
| By deed to L. White of the Moulton farm, | $700,00 |
| And by discharging notes against the firm of Copeland & Buswell, the defendants, | 2421,38 |
| By discharging notes against C. Copeland Jr., | 2907,90 |
| "     "     against J. C. Buswell, | 729,10 |
| | 6758,38 |

being an overpayment of $546,61, above the amount of the appraisal.

For that overpayment the plaintiff waived any security by mortgage, and received therefor the note of his son, C. Copeland, Jr., one of the defendants.

The defendants thereupon gave to the plaintiff a receipt in full for the appraisal value of the estate.

Subsequently to the giving and to the recording of said warranty deed to the plaintiff, the several suits for large amounts, alleged by the respective plaintiffs to be for lien claims as aforesaid, were commenced against said copartners, and the attachments and levies were made thereon, which attachments and levies, as the plaintiff alleges, constitute breaches of covenants in said deed of warranty. And this suit is brought to recover damage for the same.

There was much controversy, and much proof, upon the question, whether the alleged lien claims, and the proceedings upon them, were of such a character as to give validity to the levies.

Several questions as to the admissibility of testimony, the amending of official returns, and other matters, were presented and argued. But the view taken by the Court of another portion of the case, renders it unnecessary to publish them.

*J. & M. L. Appleton,* for plaintiff.

The covenants have been broken. The *lien* debts and judgments, followed by levies, have taken the property deeded to plaintiff.

By chap. 125, sect. 37, 38, all that is requisite to show is, that defendants are owners of the land, that labor and mate-

rials have been furnished, and that a suit has been brought within ninety days. All this has been done.

The statute requires no variation in the form of the writ; nor that the contract should be in writing, as formerly, under stat. chap. 273, sect. 1 and 2. Neither is the taking a note a bar to claim for a lien. 7 Blackford, 218.

The settlement made under contract of December 8, 1846, was strictly in accordance with the legal rights of the parties. The plaintiff having attached all the property of C. Copeland, jr. and Buswell, might arrange his levies as far as his interest extended, regardless of partnership rights, so far as real estate is concerned; the law of copartnership not extending to real estate. *Blake* v. *Nutter*, 19 Maine, 16, and cases cited.

Whether the settlement was in accordance with, or variant from, the contract, is immaterial, inasmuch as the parties have a right to alter or modify their contracts *ad libitum*, and change as they may judge best, the order and priority of their debts.

*J. Crosby*, for defendant.

SHEPLEY, C. J. orally. — The claim is for a breach of covenant, on account of certain alleged liens upon the estate conveyed. When the grantors conveyed, they took a contract from the grantee that he would pay all the debts of the firm of Copeland & Buswell, for which the conveyed property was holden. It could not then have been the intention of either party that any portion of those debts should remain an incumbrance upon the estate, and constitute a breach of the warranty. The Court are clearly of opinion that, by the contract, the plaintiff was himself bound to extinguish those claims.

It is urged that that contract was limited by a subsequent clause, respecting the appraisement. But that cannot be considered as controlling the effect of the contract.

But if there was a breach of the covenants, the plaintiff does not appear to have been evicted, or to have removed the incumbrance. He is still in possession. He could, therefore, be entitled to nominal damages only.

Judgment for plaintiff, for $1,00 damage, upon the defendant's offer to be defaulted for that amount.